### JEREMIAH WILCOX vs. ALLEN B. CROWELL.

he clerk of a district court administered a poor debtor's oath at a time when the justice of the district court was without the district, but within the county.
*Held*, that the administration of the oath by the clerk was unauthorized and void.
Pub. Laws R. I. cap. 597, § 10, of May 27, 1886, requiring district court clerks to act in the absence of the justices, applies only to the duties of the justice appertaining to the district. Administering a poor debtor's oath is not a matter appertaining to the district, as the power of the justice to administer it holds throughout the county.

DEBT. Heard by the court, jury trial being waived.

*February* 1, 1890. PER CURIAM. This is debt on a bond for the jail limits, dated March 5, 1889. The breach alleged is, that the defendant Crowell, who gave the bond as principal, committed an escape, in that he was in Boston, July 6, 1889. The defence is, that said Crowell was released from confinement, April 5, 1889, by being admitted to the poor debtor's oath by William A. Phil-

lips, clerk of the District Court for the eighth judicial district, Clarke H. Johnson, the justice of said court, being at the time out of said district, though he was within the county, that is to say, in the city of Providence. The defendant cites the following statutes in support of the jurisdiction of said Phillips, to wit: Pub. Stat. R. I. cap. 226, § 10 ; Pub. Laws R. I. cap. 597, of May 27, 1886, §§ 10,[1] 43. Said chapter 226, § 10, provides that any justice of the Supreme Court, or any trial justice in the county where the prisoner is committed, may administer the oath. Chapter 597, § 43, provides that whenever, in and by the Public Statutes, reference is made to justice courts, trial justices, clerks of justice courts, in the different cities and towns, such statutes and laws shall be taken and construed to refer to district courts and clerks of district courts, respectively, of the several districts. Said § 10 provides that, whenever a justice of a district court shall be absent from the district, or unable to serve, his duties shall be performed by the clerk of such court, if any there be, who shall constitute such court, and the fact of such absence shall be recorded in the records of such court.

There can be no doubt that, under said § 43, the justice of the District Court for the eighth judicial district had power to administer the poor debtor's oath. The question is, whether the clerk had power to administer the oath in the absence of the justice from the district. We think the object of cap. 597, § 10, is to authorize, or rather to require, the clerk of a district court to perform the duties of the justice of the court appertaining to the district, whenever the justice cannot perform them himself, either because he is absent from the district or is unable to serve, and that it does not confer upon the clerk any further authority. The

---

[1] Amended by Pub. Laws R. I. cap. 741, of April 26, 1889, to read as follows :

"SECT. 10. Whenever a justice of a district court shall be absent from the district or unable to serve, or become disqualified to serve, or a vacancy occur therein, and until said vacancy is filled according to law, his duties shall be performed by the clerk of such court, if any there be, who shall constitute such court, and the fact of such absence, inability, disqualification, or vacancy shall be recorded in the records of such court. If the clerk shall be so absent, unable to serve, be disqualified, or a vacancy occur, his duties shall be performed by the justice thereof until said vacancy shall be filled according to law."

power conferred on the justices of the district courts to administer poor debtors' oaths as aforesaid is not a power or duty appertaining to the district, since it may be exercised by any justice of any district in the county where the poor debtor is committed, at whatever place in the county is duly appointed therefor.

It may be asked why we give to § 10 a so restricted construction. We think it is obvious at a glance that the section was mainly, if not solely, intended to provide for the performance of the district duties, the holding of the district court being the only duty specifically named. Said § 10 occurs in the part of chapter 597 which relates to the establishment and organization of said courts, and to their practical conduct or operation, and is naturally read as relating thereto. The direction that the absence shall be recorded in the records of the court indicates that the section was designed for court or district duties. And as to the matter of administering poor debtors' oaths under said chapter 226, § 10, it is to be considered that there are in Providence County seven districts in which district courts are established, and that, as before stated, the justices of all of said courts are equally authorized to administer such oaths in any place in said county duly appointed therefor. Now suppose that the justice of one of said districts undertakes to hear an application for leave to take such oath in another, and departs from his own for that purpose ; it follows, if cap. 597, § 10, applies as claimed, that, the moment he crosses the boundary of his district, the duty which he has undertaken to perform devolves upon the clerk, and that the power conferred on the justice comes to an end in consequence of his attempt to perform it. Of course, a construction which leads to such a result is not to be adopted if a more reasonable one is possible. It seems to us that said § 10 can be reasonably, and, considering its obvious purpose, naturally, construed to relate only to what may be called the district duties.

*Judgment for plaintiff for $346.85 and costs.*

*Edward C. Dubois*, for plaintiff.
*Jacob W. Mathewson*, for defendant.